IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO.: 8:06-CV-00759T-30TGW

CARTIER INTERNATIONAL, B.V.,
　　　　　　　　　　　　Plaintiff,

vs.

EXQUISITE STYLES, JASON B. REGISTER,
VARIOUS JOHN DOES, JANE DOES, AND XYZ
COMPANIES (UNIDENTIFIED),

　　　　　　　　　　　　Defendants.

## PRELIMINARY INJUNCTION

Plaintiff, CARTIER INTERNATIONAL B.V. ("Plaintiff"), having moved for a restraining order, seizure order, order restraining assets, order sealing file, order for expedited discovery, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. §1051, *et seq.*), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that defendants, EXQUISITE STYLES, JASON B. REGISTER, VARIOUS JOHN DOES, JANE DOES, AND XYZ COMPANIES (UNIDENTIFIED) ("Defendants") are manufacturing, importing, distributing, offering for sale and/or selling goods bearing counterfeit reproductions of Plaintiff's federally registered trademarks, trade names and/or logos (collectively, "Plaintiff's Trademark "), which are owned and controlled by Plaintiffs, and the Court, having heard argument and reviewed the complaint, memorandum of points and authorities, supporting and supplemental declarations and exhibits submitted therewith, ORDERS, ADJUDGES and DECREES:

That Defendants, their corporate parents, subsidiaries, directors officers, agents, servants, employees, and any other persons acting in active concert or participation with them are preliminarily enjoined and restrained from:

(a) using Plaintiff's Trademark or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademark in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs, or in any manner likely to cause others to believe that the Infringing Products are connected with Plaintiffs or Plaintiff's genuine merchandise bearing Plaintiff's Trademark; and

(b) passing off, inducing or enabling others to sell or pass off any apparel or other items that are not Plaintiff's genuine merchandise as and for Plaintiff's genuine merchandise; and

(c) committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiff's genuine merchandise unless they are such; and

(d) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner watches or other items falsely bearing Plaintiff's Trademark, or any reproduction, counterfeit, copy or colorable imitation of same; and

(e) transferring to any other individual or entity the domain name www.exquisite-styles.com or any other domain names owned by Defendants in whole or in part that relate to the sale of watches and;

(f) making any representations, orally or in writing, to any member or segment of the public or the business or financial community, that they are

2

authorized, licensed or otherwise permitted by Plaintiffs to import, export, ship, deliver, distribute, offer for sale or sell Plaintiff's genuine products, except as otherwise provided in paragraph (g) below; and

(g)   importing, exporting, shipping, delivering, distributing, offering for sale or selling used repaired, re-conditioned or re-manufactured products belonging to or of Plaintiffs, as new Plaintiffs products, and from using the Plaintiff's marks in any manner to cause purchasers to believe that such used, repaired, re-conditioned or re-manufactured products are new Plaintiffs products, are warranted by Plaintiffs or are otherwise sold with the Plaintiff's knowledge or authorization. In the event Defendants import, export, ship, deliver, distribute offer for sale or sell used, repaired, re-conditioned, re-manufactured or surplus products belonging to or originating from Plaintiffs, Defendants shall advise all purchasers or prospective purchasers that such products are used, re-conditioned, re-manufactured or surplus Plaintiff's products; and

(h)   assisting, aiding, or abetting any other person or business entity, in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g). *together with accrued interest thereon* /s/ JSM, Jr.

8.   That the bond posted by Plaintiff is hereby released with respect to Defendants.

SO ORDERED.

DATE: 11 July 2006

_____
United States District Judge

3